### John Yetter v. Sherman Van Patten.

1. INSTRUCTIONS—*Principal and Agent.*—In a suit by an agent against the other party to a settlement, an instruction which states that the burden is upon the other party to prove that the agent had not exceeded the powers given him by his principal, is erroneous. The agent can not, in the absence of fraud on the part of the other party, repudiate the settlement on the ground that his instructions did not authorize him to do that which he voluntarily did.

Assumpsit, for money paid by mistake. Appeal from the Circuit Court of Lee County; the Hon. JAMES SHAW, Judge presiding. Heard in this court at the April term, 1902. Reversed and remanded. Opinion filed July 18, 1902.

D. W. BAXTER and R. S. FARRAND, attorneys for appellant.

O'BRIEN & McHENRY and HENRY S. DIXON, attorneys for appellee.

MR. JUSTICE HIGBEE delivered the opinion of the court.

This suit was brought by appellee against appellant to recover certain money claimed by the former to have been paid by him by mistake, while acting as agent of his father, to the latter. There were certain business matters between C. F. Van Patten, father of appellee, and appellant, which required to be settled, and it had been arranged between them to go to Rochelle, Illinois, to make a settlement. When the time came, C. F. Van Patten was unable to go on account of illness, and arranged to have appellee go in his place. Appellee and appellant went together to Rochelle

and a settlement was there made in which was included a note for $425 signed by C. F. Van Patten and appellant, which appellant had paid some years before. The preponderance of the proof is that upon this note C. F. Van Patten was principal and appellant surety. There was another note for $755, part of which had been paid by C. F. Van Patten, upon which he and appellant were sureties. This note was also settled at the same time and C. F. Van Patten allowed for the payment he had made. In the settlement each party bore one-half of each note. Appellee paid appellant $88.14 as the balance due to him and appellant delivered to appellee the note for $425.

Appellee claimed that he had no authority from his father to settle the $425 note, which was barred by the statute of limitations; that after the settlement was made his father repudiated and refused to be bound by it; that he thereupon promised his father to pay him what had been allowed appellant on said note in the settlement and that since that time he has paid his father such amount, the larger portion of which has been paid since the commencement of this suit. The suit resulted in a verdict and judgment in favor of appellee for $513.26, from which the defendant below appeals.

The court instructed the jury by three instructions given for appellee, that the burden was upon appellant to prove by a preponderance of the evidence that C. F. Van Patten had authorized his son in making the settlement to allow appellant for the $425 note and this rule was also indirectly recognized by another instruction given for appellee. These instructions were erroneous and misleading.

We are of opinion that appellee did not make a cause of action by merely proving that his father had not authorized him to include the note in question in the settlement. He knew what authority his father had given him and appellant did not. If he voluntarily, and not by reason of representations made to him by appellant, exceeded his instructions and settled something his father had not authorized him to settle, that fact does not authorize the undoing of

the settlement as between appellant and appellee.  If C. F. Van Patten were suing here and appellant was setting up as a defense that he had made this settlement with the agent, then appellant might be bound to show the authority of the agent.  But where the agent himself is bringing the suit to recover the money paid, he can not, in the absence of fraud on the part of the other party, repudiate the settlement on the ground that his instructions did not authorize him to do that which he voluntarily did.  Appellee indeed claimed that he made the allowance in the settlement because appellant told him that his father had promised to pay a portion of this note in the fall about two or three months before.  This, however, was denied by appellant, who says he produced the note and asked to have it included in the settlement, and that appellee said he knew about the note and that his father had told him to do what was right between man and man.  By reason of the errors in the instructions above noted, the judgment must be reversed and the cause remanded.

The question whether suit could, in any event, be maintained in the name of appellee, is not presented by this record.  Appellee assigns as cross-errors that the court erred in refusing instructions 10 and 11 asked by him.  The refused instructions were to the effect that if appellant was a surety on the note in question and paid it before it became due, without the knowledge, consent or request of C. F. Van Patten, the principal, then the payment was a voluntary one and he could not recover anything from the principal by reason thereof.  It appeared that appellant received a written notice from the bank to pay the $425 note, which was a renewal note, and went to the bank and paid it the day before the note was due.  The law will not require that a surety who pays a note for the principal, under circumstances similar to those above named, shall in all cases lose his right of action against the principal for the money paid.  If C. F. Van Patten had a defense to the note or to any part thereof which he was prevented from interposing by reason of the surety paying it before due, no doubt that

defense could be interposed in a suit against him by the surety for the amount so paid, but no such case is claimed to exist here. On the contrary it appears that about two months after Yetter paid the note he told C. F. Van Patten he had done so, and it does not appear that Van Patten objected to or repudiated the payment or claimed to have been in any way harmed thereby. The instructions named in the cross-errors were therefore properly refused.

Reversed and remanded.